UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michelle Rae Wilson,

    Petitioner,

v.

Paul Schnell, Commissioner of Corrections,[1]

    Respondent.

Civ. No. 18-1985 (SRN/BRT)

**REPORT AND RECOMMENDATION**

Michelle Rae Wilson, OID #231460, MCF Shakopee, 1010 W. 6th St., Shakopee, MN 55379, *pro se* Petitioner.

Peter R. Marker, Esq., Ramsey County Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

    In 2010, Petitioner Michelle Rae Wilson was sentenced to 350 months in prison after she was convicted of killing Carl Jackson, her ex-boyfriend. Petitioner requests relief from her prison sentence under 28 U.S.C. § 2254. (Doc. No. 1, Habeas Pet.) The Court issued an Order to Show Cause why the writ should not be granted on October 1, 2018. (Doc. No. 9.) A response was filed on October 31, 2018. (Doc. Nos. 10, 11.) On February 4, 2019, Petitioner moved for leave to supplement the record and file a reply brief. (Doc. No. 12.) The Court granted this motion, and Petitioner filed a reply and several exhibits on March 6, 2019. (Doc. Nos 15–17.)

---

[1] Paul Schnell succeeded Tom Roy as the Commissioner of Corrections. The Court will recommend that Schnell be named as the correct Respondent in this case.

For the reasons stated below, and based on the files, records, and proceedings herein, this Court recommends that the petition be denied.

## BACKGROUND

Petitioner was charged with two counts of second-degree murder in Ramsey County District Court. After a jury trial, Petitioner was found guilty on December 16, 2009, and sentenced on January 28, 2010.[2] Petitioner was represented by private counsel at trial.

Petitioner filed a *pro se* appeal from her conviction on April 28, 2010. The Office of the Minnesota Appellate Public Defender ("OMAPD") determined that Petitioner was ineligible for OMAPD representation. Petitioner challenged that determination at the Minnesota Supreme Court, which affirmed OMAPD's eligibility determination in an Order dated June 7, 2010. (Doc. No. 11-1 at 3–4.)[3] On June 18, 2010, the Minnesota Court of Appeals directed Petitioner to remedy several deficiencies in her appeal, including ordering the transcript and making financial arrangements with the court reporter. (*Id.* at 5–7.) On July 9, 2010, the Minnesota Court of Appeals dismissed the direct appeal because Petitioner failed to comply with the court's previous order to remedy deficiencies. (*Id.* at 8–9.) The Minnesota Supreme Court denied Petitioner's petition for review on September 29, 2010. (*Id.* at 10.)

---

[2]  The Honorable Joanne M. Smith presided at trial and imposed Petitioner's sentence.

[3]  Doc. Nos. 11-1, 11-2, and 11-3 are a collection of exhibits filed in conjunction with the Respondent's response to the Court's Order to Show Cause. (*See* Doc. No. 11.)

In April 2012, Petitioner filed a request to proceed in forma pauperis in relation to a yet-to-be-filed postconviction action in state court. (*Id.* at 12.) This request was denied on May 14, 2012. (*Id.* at 11.) The court wrote:

> Defendant's request to proceed in forma pauperis pursuant to Minn. Stat. § 563.01 was forwarded to this Court to decide. . . .
>
> The defendant's continued request for the district court to grant her in forma pauperis status pursuant to Minn. Stat. § 563 is misplaced. This statute specifically governs civil actions, NOT criminal actions. . . .
>
> Again, this Court has no knowledge of the reasons for the State Public Defender's initial denial of her application but the defendant must again submit her application. . . .
>
> The defendant has requested that this Court's court reporter prepare a transcript of all proceedings before this Court. Since the defendant has not followed the proper rules to make this request, the court reporter does not have the authority to certify to the Minnesota Court of Appeals that she has made satisfactory financial arrangements.
>
> In addition, the defendant's supplemental affidavit requests the Court appoint an attorney to represent her. Again, this Court has no authority to appoint the State Public Defender or a private attorney to represent her for postconviction relief proceedings.

(*Id.* at 12–14.)

Petitioner filed a *pro se* petition for postconviction relief on July 16, 2012. (*Id.* at 15.) In a letter dated July 20, 2012, the Chief Appellate Public Defender informed the postconviction court that Petitioner was ineligible for representation from the OMAPD in the proceeding. (*Id.* at 54.) The court noted that Petitioner raised a "multitude of issues," and continued to "challenge the Court's denial of her request to require the State to pay the costs associated with the preparation of the trial transcript." (*Id.* at 78.) The court denied the petition on November 27, 2012, explaining as follows:

3

> The Court finds it troubling that Petitioner has created a situation of her own making that prevents her claims from being subject to appellate review. However, this Court will state once again that it does not have the authority to override a decision by the Office of the Minnesota Public Defender and upheld by the Minnesota Supreme Court that Petitioner was not indigent and therefore, was not entitled to its services and accordingly, not entitled to have the transcript provided to her at no cost. While this is a harsh result, the Court cannot contort the law to obtain a certain result.
>
> Therefore, this Court finds that Petitioner's request for postconviction relief is not timely. However, assuming arguendo, it is deemed timely, Petitioner's argumentative assertions are insufficient to sustain her petition for postconviction relief. Therefore, her petition must be dismissed.

(*Id.* at 82.)[4]

Petitioner appealed on January 28, 2013. (*Id.* at 84.) The State moved to dismiss the appeal because Petitioner had not provided a copy of the transcript of the trial proceedings. (*Id.*) In an order dated May 20, 2013, the Minnesota Court of Appeals deferred ruling on the State's motion to dismiss until the OMAPD provided an update on Petitioner's eligibility for representation. (*Id.* at 85.) On June 25, 2013, the Minnesota Court of Appeals denied the State's motion to dismiss and ordered further briefing on the merits. (*Id.* at 87–89.) On January 27, 2014, the court of appeals affirmed the denial of postconviction relief. *See Wilson v. State*, 2014 WL 273941 (Minn. Ct. App. Jan. 27, 2014). The court reasoned that it is "the responsibility of Petitioner to provide a sufficient record to support her claims," and concluded that "without a transcript of the trial proceedings and other hearings, we are unable to review Petitioner's alleged claims of

---

[4] The court noted the petition was likely time-barred but possibly fell within an exception to the time bar. (Doc. No. 11-1 at 80.)

error." *Id.* at *2.[5] The Minnesota Supreme Court denied review in an order dated April 15, 2014. (Doc. No. 11-1 at 92.)

On March 17, 2016, Petitioner filed her second postconviction petition in state court, this time represented by OMAPD. (*Id.* at 95–100.) The court concluded that the petition was untimely without an applicable exception. The court reasoned that Petitioner "now has the benefit of a very capable appellate lawyer from the public defender's office as a result of her changed circumstances. Yet, she has failed to provide evidence of any injustice that occurred between the date of her conviction and the date of this petition that led to its untimeliness." (Doc. No. 11-2 at 199.) The Minnesota Court of Appeals affirmed. *See Wilson v. State*, 2017 WL 1842845, at *1 (Minn. Ct. App. May 8, 2017). The court concluded that the petition was untimely because it was "clearly filed beyond the two-year limitation set forth in Minn. Stat. § 590.01, subd. 4(a)." *Id.* at *1. The court rejected Petitioner's argument that the interests-of-justice exception applied to the general two-year time bar. *Id.* at *1–2. That exception, the court noted, has its own time bar, and a claim under the interests-of-justice exception must be filed within two years of the date the claim arose. *Id.* at *1. The court concluded that "because the record indicates that Wilson was or should have been aware as early as June 2010 that a transcript was necessary for appellate review, we conclude that the postconviction court properly determined that Wilson's petition was time-barred." *Id.* at *2. The Minnesota Supreme Court denied review on July 18, 2017. (Doc. No. 11-3 at 342.)

---

[5] The court noted that it did not need to address the postconviction court's determination that Petitioner's claims were time-barred. 2014 WL 273941, at *2.

Petitioner filed a habeas petition with this Court on July 16, 2018. (Doc. No. 1.)

## ANALYSIS

Petitioner brings eight claims in her petition. (*See* Doc. No. 1, Habeas Pet., Ex. 1.)[6] Respondent argues that all of Petitioner's claims are time-barred and procedurally defaulted. (*See* Doc. No. 10, Resp't's Resp. 15–22.) This Court agrees with both arguments.

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run on the latest of a series of dates including, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).[7] The "time during which a properly filed

---

[6] They are as follows: (1) the state courts' dismissal of her postconviction action as untimely and procedurally barred violated her due process and equal protection rights; (2) the trial court misstated the defense of dwelling statute in its jury instruction; (3) the trial court improperly instructed the jurors on the predicate offense of second degree assault for second degree felony murder; (4) the trial court erred in permitting the State to impeach her with 13-year-old ex parte restraining orders; (5) the trial court erred by admitting unauthenticated e-mail evidence; (6) there was prosecutorial misconduct in closing and rebuttal arguments; (7) the trial court erred by refusing to instruct the jury on the lesser-included offense of manslaughter; and (8) the defense of dwelling instruction improperly instructed jurors that to justify the use of deadly force, one must meet the elevated level of fear, fear of death or great bodily harm. (*See* Doc. No. 1-1.)

[7] The petition need only be considered under § 2244(d)(1)(A), because Petitioner does not allege that any of the other three scenarios in § 2244(d)(1)(B)-(D) apply to her.

6

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

Petitioner's direct appeal was dismissed by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied her petition for review on September 29, 2010. Since Petitioner did not seek review in the United States Supreme Court, the one-year limitations period began to run on December 28, 2010. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (explaining that if a petitioner does not seek review in the United States Supreme Court, "the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system") (citing Sup. Ct. R. 13.1). Petitioner filed the instant petition on July 16, 2018, which is 2,758 days (over 7.5 years) after December 28, 2010, the trigger date established by § 2244(d)(1)(A). Petitioner pursued state-court postconviction relief in the interim, including an action filed on July 16, 2002, but by that time, the one-year period to file a federal habeas claim had expired, so any tolling for pending state court actions is irrelevant. *See Rhines v. Weber,* 544 U.S. 269, 271 (2005) (stating that the purpose of the § 2244(d)(2) tolling is to balance the interests served by the exhaustion requirement and limitations period by allowing a state prisoner to later apply for federal habeas relief while state court remedies are pending); *Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Even if the postconviction actions filed by Petitioner in state court were

7

"properly filed"[8] and relevant for tolling purposes, the time during which those actions were pending amounts only to 1,126 days,[9] leaving 1,632 days (almost four and a half years) between when the clock would have started to run on the limitation period and when Petitioner filed her habeas petition.

Petitioner argues that the limitations period should be equitably tolled. (*See* Doc. No. 16, Pet'r's Reply 20.) "A petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing.'" *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018) (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling does not apply because Petitioner's direct appeal and her postconviction petitions were unsuccessful in state court as a result of her own actions. The direct appeal was dismissed after she failed to comply with court orders. The first postconviction petition was denied as untimely, and because she failed to supply transcripts of the

---

[8] As discussed above, the first postconviction proceeding was dismissed because Petitioner failed to provide a trial transcript, and the second was dismissed as untimely under state law. These actions therefore appear not to have been "properly filed" within the meaning § 2244(d)(2). *See Pace*, 544 U.S. at 417 (holding that postconviction petitions that are untimely under state postconviction law do not entitle the habeas petitioner to statutory tolling under § 2244(d)(2)); *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) ("[I]f a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed,' regardless of whether those filing requirements are firmly established and regularly followed.").

[9] The first postconviction proceeding was filed on July 16, 2012 and dismissed on April 15, 2014 (638 days). The second postconviction proceeding was filed on March 17, 2016 and dismissed on July 18, 2017 (488 days).

district court record. And, the second postconviction petition was denied as untimely. These failures are a product of her own conduct.

For the foregoing reasons, Petitioner's action is time-barred.

## II. Procedural Default

A state prisoner seeking federal habeas corpus relief must normally exhaust those claims by presenting the substance of each claim to the state courts. *See* 28 U.S.C. § 2254(b). Because the exhaustion doctrine "is designed to give the state courts a fair and full opportunity to resolve federal constitutional claims," state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where "no state remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Thus, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As noted above, the state court refused to review the merits of Petitioner's claims on separate occasions, first because she failed to provide a transcript to review her claims, and second because they were untimely. Petitioner does not demonstrate cause for her procedural default, or that the failure to consider her claims will result in a fundamental miscarriage of justice.[10] Therefore, Petitioner's claims are procedurally defaulted. *See, e.g.*, *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (finding that the failure to timely appeal in state court resulted in procedural default in federal court).

## III.   Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues

---

[10]   Petitioner argues that the failure to consider her claim of prosecutorial misconduct would be a miscarriage of justice because the claim was raised but not reviewed or adjudicated in state court. (Pet'r's Reply 21.) This is insufficient for Petitioner to overcome her procedural default because the fundamental miscarriage of justice exception requires a showing of actual innocence. Such a claim "must be supported with new reliable evidence that was not presented at trial," and "must establish that it is more likely than not that no reasonable juror would have convicted . . . in light of the new evidence." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997); *see also McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995)

differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994).

This Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here. Petitioner has not identified, and this Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. This Court therefore recommends that Petitioner not be granted a COA in this matter.

## RECOMMENDATION

For the reasons set forth above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Paul Schnell be substituted for Tom Roy as the Respondent in this matter;

2. Petitioner's Petition for a writ of habeas corpus (Doc. No. 1) be **DENIED**;

3. A certificate of appealability **NOT BE GRANTED**; and

4. Judgment be entered accordingly.


Date: April 1, 2019.                 *s/ Becky R. Thorson*_____
                                     BECKY R. THORSON
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).